**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JOHN SCHMIDT**<br>**976 East Applegate**<br>**Cincinnati, Ohio 45245** | **Case No.**    1:21-cv-419 |
| **Plaintiff** | **Judge**<br><br>**Magistrate** |
|     **vs.** | |
| **The Honorable JERRY MCBRIDE**<br>**in his Official Capacity**<br>**270 East Main St.**<br>**Batavia, Ohio 45103** | **PLAINTIFF'S COMPLAINT SEEKING**<br>**REINSTATEMENT AND MONEY**<br>**DAMAGES FOR VIOLATION OF THE**<br>**AGE DISCRIMINATION IN**<br>**EMPLOYMENT ACT AND FOR**<br>**VIOLATION OF §4112.02 OF THE OHIO**<br>**REVISED CODE** |
| **Defendant** | **JURY DEMAND** |

**JURISDICTION, VENUE, AND RELATED CASE**

1.      This Court has subject matter jurisdiction over this case under 28 USC §1331 as it involves a violation of a federal law, the Age Discrimination in Employment Act, 29 USC §621 et. Seq.

2.      Venue is proper in this Court, as the events main events charged as discriminatory took place in Clermont County. Ohio, within the territorial jurisdiction of this Court.

3.      This case deals with the facts in state case, 2021 CVH 00231 filed in Clermont County Ohio, involving Defendant and, originally, additional Defendants (now dismissed). That case will be dismissed to pursue the claims in this forum once service has been perfected in this case upon Defendant, as Plaintiff hereby gives notice that he elects to proceed on his federal and state

1

claims in this forum, and is so notifying the State Court.  That count should be pursued in this case under 28 USC §1367, as the state claims are so related as to make them part of the same case and controversy and will avoid the prospect of conflicting results

## PARTIES

4.      Plaintiff, John Schmidt, is a male citizen of the United States and a Resident of the State of Ohio, who resides at the address listed in the caption.

5.      The Honorable Jerry McBride, is a Judge for Clermont County, whose official address is listed in the caption and was the Plaintiff's Supervisor.

## FACTS

6.      Plaintiff John Schmidt has been an employee of Clermont County from the period of July 2017 through June 2020.

7.      Plaintiff Schmidt initially served as a part time bailiff working five days a week every other week.

8.      After a year of part time work, Plaintiff Schmidt became a full-time employee.

9.      During Plaintiff's entire tenure at the Courthouse, Plaintiff Schmidt had no disciplinary actions.

10.     Indeed, Plaintiff, during his tenure, received consistent praise for his excellent service.

11.     In March 2020, Plaintiff Schmidt traveled to New Orleans, with the consent of his supervisor, then Judge McBride and returned without incident.

12.     Upon returning, the supervisors of the Courthouse indicated that, attendant to the recently announced pandemic, COVID-19, that Plaintiff would have to quarantine and have a negative test before returning to work.

13.     However, immediately after receiving that instruction, Plaintiff was told by the Court

2

Administrator, with the clear acquiescence of Judge McBride, to ignore that message.

14.     Correspondingly, Plaintiff immediately returned to work.

15.     Plaintiff John Schmidt worked without incident as a bailiff for Defendant Judge McBride the next three months, until June of 2020.  At that time, Plaintiff Schmidt requested an opportunity to travel again on vacation for a week to Destin, Florida.

16.     In June, 2020, Destin, Florida was in a county very few COVID-19 cases, and indeed, had a lower incidence of COVID-19 than existed at that time in Clermont County Ohio.

17.     Upon Plaintiff's return, he received an email to him very late in the evening, around 8:50pm, to his personal email.  However, because Plaintiff was returning from Florida and vacation, Plaintiff Schmidt did not look at the email at that time, and in fact did not look at it before returning to work in the morning.

18.     Plaintiff Schmidt went into the office on a Monday and began doing his normal preparations as a bailiff.  Plaintiff set up the courtroom, coordinated with the jail, procured bonds forms, and prepared copies of the docket.

19.     Plaintiff Schmidt only then found out from Defendant Judge McBride about the email that had been sent to him asking him not come to work and that he must first test negative.

20.     After Plaintiff Schmidt inquired of Defendant Judge McBride as to his proper course of conduct, Defendant Judge McBride told him "read the email."  Having done so, Plaintiff Schmidt returned home, made arrangements to have a test done, which was done on the succeeding Friday, and was negative.

21.     Upon receiving his negative test, Plaintiff Schmidt returned to the Courthouse the following Monday, July 6, 2020, at which point, the Court Administrator indicated that Defendant Judge McBride would see him at 1:30pm.  Defendant McBride did see Plaintiff at

3

1:30pm, told him that he was uncomfortable with Plaintiff having traveled to a COVID-19 area, and terminated him on the spot.  Defendant McBride did this in front of the other individual in the room and never said anything about performance issues to Plaintiff.  In fact, Defendant McBride stated twice that Plaintiff had done nothing wrong and Defendant McBride indicated that this was for concerns for his own health.

22.     Prior to Plaintiff Schmidt leaving on vacation, Defendant McBride told him that he, himself, had gone to Destin, Florida, and that Plaintiff Schmidt should enjoy his time there.

23.     Plaintiff Schmidt was immediately replaced by a male 20 years his younger.  Moreover, another worker for Defendant McBride, who also had frequent contact with Defendant McBride, Sharon Ingle, was treated very differently.  She was also younger than Plaintiff.

24.     Although Defendant McBride indicated that he had concerns about health problems based on where Plaintiff Schmidt had traveled, he did not insist, all the time, that Sharon Ingle, who was younger, wear a mask, even though she was often in his presence.

25.     Furthermore, at a time when Florida started getting more and more cases, and was far more dangerous than during the period that Plaintiff Schmidt traveled to Destin, Florida, Sharon Ingle, herself, also traveled to Destin, Florida, and took a vacation, in late July/early August 2020.

26.     Upon information and belief, this vacation was also with the knowledge and consent of Defendant McBride.

27.     On March 15, 2021, within 300 days of his discharge, Plaintiff filed a charge of discrimination under the Age Discrimination in Employment Act of 1967 as Amended, a true copy of such charge is attached as Exhibit 1 to this Complaint.

28.   On March 23, 2021, Plaintiff was issued a right to sue letter on the charge, a true copy of

4

which is attached as Exhibit 2 to this Complaint.

## COUNT I: VIOLATION OF THE AGE DISCIMINATION IN EMPLOYMENT ACT OF 1967 AS AMENDED, 29 USC §621 ET. SEQ. (ADEA)

29. Plaintiff realleges paragraphs 1-28 as if fully rewritten herein.

30. Plaintiff was discharged due to his age, which is in violation of the ADEA.

31. Plaintiff Schmidt was replaced with a younger employee, and the reason for his discharge was pretextual.

32. Plaintiff Schmidt is entitled to compensatory damages, including emotional distress damages, his back pay, front pay. Costs, and attorney fees in this action.

33. Plaintiff Schmidt is entitled in the alternative, entitled to reinstatement to his position with back pay, and emotional damages.

## COUNT II: VIOLATION OF §4112.02 Ohio Revised Code, enforceable through §4112.99 of the Revised Code as filed originally in the Clermont Court of Common Pleas, Case Number 2021 CVH 00231.

34. Plaintiff realleges paragraphs 1-28 as if fully rewritten herein.

35. Under the Oho Revised Code §4112.14 in force at the time, the Plaintiff was discharged due to his age, which is in violation of Ohio law.

36. Plaintiff Schmidt was replaced with a younger employee, and the reason for his discharge was pretextual.

37. Plaintiff Schmidt is entitled to his emotional distress damages, his back pay, front pay.

38. Plaintiff Schmidt is entitled in the alternative, entitled to reinstatement to his position.

### PRAYER FOR RELIEF

WHEREFORE, having fully pleaded his cause, Plaintiff John Schmidt demands that this Honorable Court award his reinstatement to his past position, restore his back pay, and attorney

5

fees and costs in this action, or in the alternative, award him emotional distress damages, front pay, back pay, costs and his reasonable attorney fees in this action, and any and all such other relief as this Court or a jury may direct.

Respectfully submitted,


*/s/ Robert F. Croskery*

Robert F. Croskery (0064802)
Trial Attorney for Plaintiff
Croskery Law Offices
3905 Eastern Ave., Suite 200
Cincinnati, OH 45226
Phone:  (513) 232-LAWS (5297)
Fax: (513) 426-7372
rcroskery@croskerylaw.com


Of Counsel:
Croskery Law Offices
Melinda E. Knisley (002662)
3905 Eastern Ave., Suite 200
Cincinnati, OH 45226
Phone:  (513) 232-LAWS (5297)
Fax: (513) 426-7372


**JURY DEMAND**

Plaintiffs hereby demands trial by a jury of eight for all issues triable to a jury.


*/s/ Robert F. Croskery*

Robert F. Croskery (0064802)